IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES MITCHELL, #09083221, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-1762-K (BK) | |
| § | | |
| OFFICE MILLER ROACH, et al., § | | |
| Defendants. § | | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management.

## I. BACKGROUND

Plaintiff, an inmate at the Dallas County Jail[1], filed this *pro se* civil rights action under 42 U.S.C. § 1983. Defendants are Dallas County Sheriff's Department employees: Officer Miller-Roach (or Roach), Officer Kay Davis, Chief Deputy Gary Lindsey, Captain Sanders, and Sheriff Lupe Valdez. The Court did not issue process pending preliminary screening, but sent Plaintiff two magistrate judge's questionnaires to obtain information about the factual basis of his suit. Plaintiff answered the questionnaires on October 1, 2010, and January 20, 2011.

Plaintiff alleges that, in May 2010, Officers Davis charged him with a disciplinary violation in retaliation for requesting a grievance form and/or to speak with a lieutenant. In July 2010, Officer Roach also charged Plaintiff with a disciplinary violation in retaliation for requesting a grievance and/or to speak with a lieutenant. Plaintiff requests monetary damages

---

[1] Plaintiff was recently convicted of aggravated assault with a deadly weapon and sentenced to seven years imprisonment. *State v. Mitchell*, No. F09-60722 (265th Judic. Distr. Court, Dallas County, Nov. 11, 2010).

and declaratory or injunctive relief – namely "a change in procedures to educate officers and create checks and balance." (Doc. 1 at 4.)

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to preliminary screening. A court may dismiss a complaint *sua sponte* if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

In addition to Officers Roach and Davis, Plaintiff seeks to sue three supervisory officials, Chief Deputy Lindsey, Captain Sanders, and Sheriff Lupe Valdez. It is well settled that an individual cannot be held liable in a section 1983 action unless he was personally involved or participated in alleged unconstitutional actions. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (internal citations omitted). Supervisory officials, however, may be held liable if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in a plaintiff's injury. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

Plaintiff's complaint and answers to the magistrate judge's questionnaires fail to allege facts supporting personal involvement or acquiesce in the alleged constitutional deprivations on

the part of Sheriff Valdez, Chief Deputy Lindsey, or Captain Sanders. Plaintiff concedes that Chief Deputy Lindsey and Captain Sanders were not involved in either act of retaliation. (Doc. 6 at Answer 17-18.) Although Plaintiff allegedly sent Captain Sanders correspondence referencing the second disciplinary case, she neither "spoke to him nor had anyone else speak to [him]." (*Id.* at Answer 18.)

Likewise, the pleadings confirm Sheriff Valdez was not personally involved in either retaliation incident. Plaintiff purportedly sent her a letter *before* the first retaliation, outlining concerns about an "enemy officer who came to [his] pod." (*Id.* at Answer 19-21.) Such letter, however, does not establish the Sheriff's personal involvement in either of the alleged retaliation incidents that followed. Moreover, Plaintiff's pleadings assert no other facts which this Court could liberally construe to allege the Sheriff's personal involvement in any of the claims raised in the complaint. (*Id.*) Therefore, Plaintiff's claims against Sheriff Valdez, Chief Deputy Lindsey, and Captain Sanders lack an arguable basis in law and should be dismissed as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** with prejudice as frivolous Plaintiff's claims against Sheriff Valdez, Chief Deputy Lindsey, and Captain Sanders. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[2]

SIGNED February 3, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Contemporaneously with this recommendation, the Court has issued process on Officers Miller-Roach and Davis.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE