IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:10-CV-1762-K-BK |
| | § | |
| OFFICER NFN MILLER-ROACH, et al., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The cause is now before the Court on Defendant Miller-Roach's *Motion to Dismiss* pursuant to FED.R.CIV.P. 12(b)(6). (Doc. 21). After reviewing the relevant pleadings and applicable law, the Court recommends that Defendant Miller-Roach's motion be **GRANTED**.

**I. BACKGROUND[1]**

**Relevant Facts**

On September 8, 2010, Plaintiff filed a *Complaint* against Defendant Officer Miller-Roach and others, alleging Defendant Roach retaliated against him for seeking to file a grievance. (Doc. 1 at 1-7). Plaintiff elaborates that while he was in bed, Officer Jones noticed "some writing on the walls shared by [Plaintiff] and four other inmates. . . and came in shouting

---

[1] For the purposes of the motion to dismiss, the Court takes all allegations pled in Plaintiff's Complaint (Doc. 1), *Answers to Magistrate Judge's Questionnaire* (Doc. 6), and *Answers to Magistrate Judge's Supplemental Questionnaire* (Doc. 13) as true and correct. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (holding plaintiff amended his complaint by his response to the magistrate judge's questionnaire).

'no tv, coffee, or nothing. . . till [the] writing comes off the wall.'" (Doc. 6 at 6). Plaintiff complained to Officer Jones that the threatened consequences would constitute "blanket punishment," in violation of his Eighth Amendment right, and then asked Jones for a grievance form. (Doc. 1 at 6; Doc 6 at 6). Defendant Roach, the Floor Lead Officer, overheard Plaintiff and Officer Jones and became irate. (Doc. 1 at 6; Doc 6 at 6). She asked Officer Jones which inmate was talking about constitutional rights and filing a grievance and then remarked that "she didn't care about [Plaintiff's] constitutional rights." (Doc. 1 at 6; Doc 6 at 6; Doc 13 at 5-6). Plaintiff alleges Defendant Roach additionally stated she was "not scared of no grievance, and [Plaintiff] could talk to the lieutenant [and] they ain't gone do nothing." (Doc. 6 at 7). According to Plaintiff, Defendant Roach said, "Don't nobody wanna hear about yo constitutional rights." (Doc. 6 at 8). After Plaintiff "admonished [Defendant] Roach on the meaning of blanket punishment," Roach told Plaintiff, "I'll give you a grievance and some blanket punishment in the holding tank," and ordered "Officer Jones [to] put [Plaintiff] and his constitutional rights in the holdover." (Doc. 1 at 6; 6 at 7-8).

Plaintiff avers that after he reported the incident to Sergeant Boyd, Defendant Roach retaliated against Plaintiff by "writing and serving [him] a case for 'Disrupting ANY Function.'" (Doc. 1 at 6-7; 6 at 7). Lieutenant Henderson later ordered Plaintiff released from holdover, but Defendant Roach "told Officer Medina not to follow the order." (Doc. 1 at 7). The next day, Plaintiff "was called out for medical," at which time Defendant Roach "began yelling at [Plaintiff], [and spoke] badly of [Plaintiff] to other inmates and officers." (Doc. 6 at 7). Defendant Roach then "told them to get [Plaintiff] out of her face and that [Plaintiff could] 'put that in [his] next grievance.'" (Doc. 6 at 7; 13 at 6). Plaintiff next was sent to lockup for 10 days.

(Doc. 1 at 7).

Plaintiff claims "[Defendant] Roach had not accused [him] of violating any jail rule when she had [him] placed in the holdover, she simply wanted to show [Plaintiff] she could do as she wish[ed] by punishing [him]." (Doc. 6 at 10). Plaintiff further avers that it was not until four hours later, after Plaintiff spoke with Sergeant Boyd, that Defendant Roach initiated against Plaintiff "a case for 'Interfering with ANY institutional function,'" although the particular "function" was never specified. (Doc. 6 at 10; 13 at 4) (emphasis in original).

Plaintiff claims he "was made to suffer the conditions of a cold holdover for 12 hours, then 10 days of lockup with full restrictions." (Doc. 1 at 7; Doc. 6 at 9; Doc. 13 at 5). The restrictions included "Rec, Religious Services, interaction with others, and deprivation of any method by which to contact his attorney, the Court, or his family." (Doc. 6 at 9). Plaintiff also claims he was denied envelopes, telephone, and access to television and newspapers. *Id.*

## II. APPLICABLE LAW

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief may be granted. When considering a motion to dismiss, the court accepts as true all well-pleaded facts, and views those facts in a light most favorable to the plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Dismissal is required when a complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell*, 43 F.3d at 975. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal*, 129 S.Ct. at 1950. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*.

### III. DISCUSSION

In her *Motion to Dismiss under Rule 12(b)(6)*, Defendant Roach argues Plaintiff fails to allege specific facts establishing a cognizable retaliation claim against her. (Doc. 21 at 4). Specifically, Defendant Roach avers that: (1) Plaintiff failed to invoke a valid constitutional right because he does not have a First Amendment right to file a baseless grievance, (2) Officer Roach's alleged retaliatory actions are *de minimis*, and (3) Plaintiff fails to demonstrate that he would not have been disciplined but for the alleged retaliatory motive. (Doc. 21 at 4-8).

"Filing grievances in accordance with prison procedure and complaining about treatment

can be protected expression under the First Amendment." *Haralson v. Campuzano*, 356 Fed.Appx. 692, 698 (5th Cir. 2009) (emphasis added). "A prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (citations omitted).

However, an inmate does not have a right to file a frivolous grievance, and a frivolous grievance cannot support a section 1983 retaliation claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 310, 311 (5th Cir. 1997) (Prisoners' constitutional right of access to the courts "is not unlimited" and "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quotation marks and citations omitted); *Brown v. Craven*, 106 Fed.Appx. 257, 258 (5th Cir. 2004) (threat of filing frivolous grievance because officer turned off television cannot be the basis of a section 1983 retaliation claim); *Bernard v. NFN Brannigan*, No. 2:05-CV-0014, 2005 WL 1422153, *2 (N.D. Tex. June 14, 2005) (noting the grievance plaintiff wished to file could not be the basis for a retaliation claim because it was not based on a federally-protected constitutional right and therefore frivolous); *Cobb v. Simmons*, No. 2:09-CV-0034, 2009 WL 2016072, * 6 (N.D. Tex. July 9, 2009) ("because plaintiff's grievances about law library access were frivolous, they cannot form the basis of a retaliation claim").

"To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris*, 449 F.3d at 684 (citations omitted). A prisoner must produce direct evidence of motivation or allege a chronology of events from which retaliation may be inferred. *Johnson v. Rodriguez*, 110 F.3d

299, 310 (5th Cir. 1995). "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995).

Here, the Court concludes that Plaintiff has not pled specific allegations sufficient to survive Defendant's 12(b)(6) motion to dismiss. Specifically, Plaintiff has failed to establish he was retaliated against for exercising a specific constitutional right. Plaintiff avers he was retaliated against for requesting a grievance form and questioning officers after being told to clean writing off the walls of the cell he shared with four other inmates, the latter of which he argued violated his Eighth Amendment rights. (Docs. 1 at 6; 6 at 6-8). However, Plaintiff's proposed grievance wholly lacked merit since requiring an inmate to clean his cell does not violate his constitutional rights. *Reese v. Skinner*, 322 Fed.Appx. 381, 383 (5th Cir. 2009) (stating inmates "do not have a constitutional right to refuse work"). In addition, prison officials may legitimately punish inmates who verbally confront institutional authority without running afoul of the First Amendment, and therefore, questioning a prison officer as to his authority to enforce prison regulations likewise is not a constitutionally protected right under the First Amendment. *Lann v. Cockrell*, 173 Fed.Appx. 319, 320-21 (5th Cir. 2006). Finally, mere verbal assaults or insults do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983).

Because Plaintiff's threatened grievance would have been frivolous, it may not be the basis of a retaliation claim. Accordingly, the Court recommends Plaintiff's case against Defendant Roach be dismissed with prejudice.[2]

## V. CONCLUSION

For the foregoing reasons, it is recommended that Defendant's *Motion to Dismiss* (Doc. 21) be **GRANTED,** and that Plaintiff's claim against Defendant Officer NFN MILLER-ROACH be **DISMISSED** with prejudice.

**SO RECOMMENDED** on May 17, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (allowing a pro se litigant leave to amend his complaint is not required if the plaintiff has already plead his "best case"); *Cobb v. Simmons*, 373 Fed.Appx. 469, 470 (5th Cir. 2010) (holding plaintiff had ample opportunity to set forth the basis of his claims through the district court's questionnaire and his objection to the magistrate report); *Teel v. Collins*, 59 F.3d 1242, *1 (5th Cir. 1995) (noting that dismissal with prejudice would be appropriate when plaintiff has had an opportunity to amend complaint by answering a Watson questionnaire)(citations omitted).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE