IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES MITCHELL, | ' | |
| | ' | |
| Plaintiff, | ' | |
| | ' | |
| v. | ' | Civil Action No. 3:10-CV-1762-K-BK |
| | ' | |
| OFFICER NFN MILLER-ROACH, et al., | ' | |
| | ' | |
| Defendant. | ' | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The Court now considers *Defendant Davis's Motion for Summary Judgment on the Issue of Qualified Immunity* and supporting brief. (Doc. 46-47). Defendant Officer Kay Davis's motion was filed on June 6, 2011, and Plaintiff's response was due on June 27, 2011. *See* N.D.Tex. L. R. 7.1. On July 7, 2011, Plaintiff filed a motion for extension of time to respond to the motion for summary judgment, which the Court granted. (Doc. 55-56). However, to date, Plaintiff has failed to file a response, instead only filing an objection to the photographs included in Defendant Davis's summary judgment evidence. (Doc. 58). After reviewing the relevant pleadings and applicable law, the Court recommends that Defendant Davis's motion for summary judgment be GRANTED.

**I. BACKGROUND**

On September 8, 2010, Plaintiff, a prisoner proceeding *pro se*, filed a *Complaint* under 42 U.S.C. § 1983 against Defendant Officer Davis and others for, *inter alia*, sexual harassment and retaliation. (Doc. 1 at 1-7). Plaintiff elaborates in his sworn responses to the magistrate

1

judge's questionnaires that, on the morning of May 12, 2010, Officer Davis began making sexual gestures towards him "by opening her legs, and pointing between them as she stared at [Plaintiff]." (Doc. 6 at 2-4). Plaintiff also avers that Officer Davis "went and stood next to the urinal where [he] was using the restroom." *Id*. When Plaintiff declined what he perceived as Officer Davis's sexual advances, he states that "she became angry . . . and had [Plaintiff] placed in solitary confinement." (Docs. 6 at 2, 4). Plaintiff asked for a grievance form and told Officer Davis he was going to speak to the Lieutenant, at which time, Officer Davis initiated "a disciplinary case" for indecent exposure against Plaintiff. (Docs. 6 at 2, 4; 13 at 2-3).

Plaintiff subsequently filed a grievance against Officer Davis, a copy of which was submitted as part of the Defendant's summary judgment evidence, and alleged: (a) Officer Davis watched Plaintiff while he laid in his bunk and every time he went to the bathroom; (b) during one trip to the bathroom, Officer Davis followed Plaintiff to the urinal where she stood for approximately ten minutes. While standing there, she looked deep in Plaintiff's eyes, then looked down at Plaintiff's privates; (c) Officer Davis continued to look at Plaintiff's privates, said "mmm," then looked into Plaintiff's eyes and smiled; (d) Officer Davis went back downstairs to her desk and continued to stare at Plaintiff; (e) Officer Davis was chewing gum and "every time she popped a bubble, she lick[ed] all around her lips"; (f) Officer Davis "pushed her chair out from under the desk, allowing access to all of her visually;" (g) Officer Davis blew another bubble, popped it with her right index finger, "push[ed] the gum in her mouth with her finger, and began sucking on her finger"; and (h) Officer Davis then gestured at her vagina. (Doc. 48-4 at 2-3). Plaintiff claimed that when he shook his head indicating "No," Defendant Davis's demeanor instantly changed, and she placed Plaintiff in a holdover cell for

2

six days. *Id*. at 3. Plaintiff further stated that the "sex games were not so bad, even kinda cute, however, the punishment that came with the rejection made it harassment." (Doc. 48-4 at 3). Plaintiff's grievance was denied on initial consideration and, subsequently, on appeal to the grievance board. (Doc. 48-4 at 9, 13).

In her affidavit submitted in support of her motion for summary judgment, Defendant Davis denies making any sexual gestures or advances, and states that she wrote up Plaintiff for indecent exposure after observing him masturbating, which is a major infraction of jail rules, and of which Plaintiff was found guilty and given 15 days' full restrictions. (Docs. 13 at 1, 48-1 at 4, 48-4 at 8; 48-22 at 3). Defendant Davis submitted evidence that, at the time of the alleged sexual advances, she was relieving another officer who was on a fifteen-minute break and was the only officer in an open pod with 63 unrestrained male inmates. (Docs. 48-1 at 3-4, 48-8 through 48-21, 48-22 at 3).

Defendant Davis also submitted a copy of Plaintiff's video-recorded testimony before the grievance committee. At the committee hearing, Plaintiff made no mention of Defendant Davis's alleged sexual gestures/advances toward him, and he stated that she wrote him up because he laughed at her while she was "striking different poses" for other inmates and because she "wanted him out of the pod." (Defendant's Exh 1-E).

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 1986) (same).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoted citation omitted). Qualified immunity is designed to shield from civil liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved as early as possible in the litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

In the context of a summary judgment motion on the issue of qualified immunity, the defendant need only assert the defense in good faith, and is not required to present evidence. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633-34 (5th Cir. 2000). Once raised, the burden of <u>negating</u> the defense of qualified immunity lies with the Plaintiff. *Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001). Plaintiff must "come forward with specific facts showing that there is a genuine issue for trial." *Id*. He must identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

The qualified immunity inquiry is two-pronged: (1) whether the defendant's conduct

violated a constitutional right, and (2) whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the violation. *Pearson*, 129 S.Ct. at 816. A court can begin its assessment with either prong. *Id*. at 818 (overruling in part *Saucier v. Katz*, 533 U.S. 194 (2001)). If the court answers both questions in the affirmative, the official is not entitled to qualified immunity. All facts and inferences are viewed in the light most favorable to Plaintiff, and all disputed facts are resolved in his favor. *Id*.

Here, despite a court-granted extension of time to do so, Plaintiff has not responded to Defendant's *Motion for Summary Judgment*. Because he is *pro se*, however, the Court construes his verified responses to the magistrate judge's questionnaires as competent summary judgment evidence. *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (a verified complaint may serve as competent summary judgment evidence); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (same).

### III. DISCUSSION

The Court liberally construes Plaintiff's complaint to allege that 1) Defendant Davis sexually harassed him, removing him to a holdover cell after he spurned her sexual advances; and 2) Defendant Davis retaliated against him, by initiating a false disciplinary charge against him for indecent exposure, after he told her that he wanted to file a grievance for being placed in the holdover cell.[1] (Docs. 1, 6, 13). Defendant Davis has asserted a qualified immunity defense. (Doc. 47 at 6). Thus, the burden has shifted to Plaintiff to produce evidence showing that Defendant Davis violated his constitutional rights and that the violation was objectively unreasonable under clearly established law at the time of the violation. *See Pearson*, 129 S. Ct. at

---

[1] *See Erickson v Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* litigant's pleadings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers).

5

816. The Court concludes that Plaintiff has failed to carry that burden.

### Sexual harassment claim

Plaintiff claims that he was subjected to sexual harassment, which amounted to cruel and unusual punishment, in violation of the Eighth Amendment. (Docs. 1 at 3-4, 6 at 2, 13 at 3). However, based on the summary judgment evidence, the Court finds Plaintiff has failed to establish that Defendant Davis' alleged actions amounted to a constitutional violation.

A prisoner "states a claim for sexual assault under § 1983 when (1) the assault is objectively, sufficiently serious and (2) the involved prison official acted with a sufficiently culpable state of mind." *Tilley v. Gonzalez*, No. 3:09-CV-2451-L-BH, 2010 WL 1541494, at *4 (N.D. Tex. Mar. 10, 2010) (citing *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997); *see also Burleson v. Tex. Dep't Crim. J.*, 393 F.3d 577, 589 (5th Cir. 2004) (same elements apply in the context of a general Eighth Amendment claim)). "[T]here can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." *Boddie v. Schnieder*, 105 F.3d 857, 861-862 (2d Cir. 1997) (quoted citation omitted). However, not all sexually-harassing actions amount to a constitutional violation afforded such protection. *Boddie*, 105 F.3d at 861 (verbal harassment and fondling of inmate's genitals by prison guard, though despicable, not sufficiently serious to establish Eighth Amendment violation); *Adkins v. Rodriguez*, 59 F.3d 1034 (10th Cir.1995) (verbal sexual harassment by jailer, while outrageous and reprehensible, does not amount to a violation of the inmate's Eighth Amendment rights); *Petty v. Venus Correctional Unit*, 2001 WL 360868 (N.D. Tex. April 10, 2001) (same).

At the outset, Plaintiff's own statements establish that Defendant Davis never sexually

harassed him. When describing the incidents surrounding the indecent exposure charge at his disciplinary board hearing, Plaintiff made no mention of any sexual gestures or suggestive actions directed toward him by Defendant Davis. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for purposes of ruling on a motion for summary judgment").

Even when the facts are viewed in the light most favorable to Plaintiff, they fail to establish a violation of Plaintiff's Eighth Amendment rights, as Defendant Davis's alleged sexual harassment only consisted of sexual gestures and staring. (Docs. 6, 13). Plaintiff does not contend that Defendant Davis ever made physical contact with him. (Docs. 6, 13). "Mere allegations of verbal abuse do not present actionable claims under § 1983." *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993); *see also McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.) ("[A]s a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.'"); *Jane Doe 5 v. City of Haltom City*, 106 Fed.Appx. 906, 908 (5th Cir. 2004) (unpublished) (verbal sexual harassment does not violate a detainee or inmate's constitutional rights).

Here, Plaintiff has failed to establish that he suffered any more than a *de minimis* injury as a result of Defendant Davis' alleged actions. Plaintiff does assert that he was emotionally, mentally, or physically harmed, only that he was transferred to a holding cell where he lost certain privileges. (Doc. 6 at 3-6). For claims arising "under the Eighth Amendment, an injury can be 'objectively, sufficiently serious' only if there is more than *de minimis* injury." *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006) (finding that "female prison guard's solicitation

7

of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than de minimis injury') (citing *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002)). In this case, Plaintiff, at best, only establishes *de minimis* injury.

### Retaliation claim

Plaintiff also claims that, following the sexual harassment incident, Defendant Davis filed a disciplinary charge against him for incident exposure because he asked for a form to file a grievance and indicated he planned to report the sexual harassment incident to the jail lieutenant. The Court finds that Plaintiff has failed to establish by competent summary judgment evidence that the alleged retaliation amounted to a constitutional violation.

"To prevail on a claim of retaliation [under section 1983], a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (citations omitted). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1995). After showing invocation of a constitutional right, the prisoner must "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Furthermore, the retaliatory adverse act must be more than *de minimis* to state a viable retaliation claim; the act must be "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris*, 449 F.3d at 686. "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Woods*, 60 F.3d at 1166.

Inmates have a First Amendment right to complain about their conditions of confinement. *See Boxer X*, 437 F.3d at 1112 (citing *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989) (*per curiam*)). However, as Defendant correctly points out, Plaintiff had no constitutional right to file a frivolous grievance. (Doc. 47 at 15-18). As established by Plaintiff's own statements at the disciplinary board hearing, there was no sexual harassment. (Defendant's Exh 1-E). At that hearing, Plaintiff reported that he was transferred to a holding cell because he laughed at Defendant Davis who was striking poses for other inmates. He did not allege that Defendant Davis observed him at the urinal, nor did he claim that Defendant Davis made any sexually suggestive gestures toward him. Indeed, he stated that he could not even see Defendant Davis during the events in question because she was hidden by a pole. Thus, the grievance Plaintiff wanted to file against Defendant Davis was clearly frivolous.

Moreover, even if Defendant Davis intended to retaliate against Plaintiff for asserting a constitutional right, the alleged retaliatory acts were *de minimis*, consequently, Plaintiff is not entitled to constitutional protection. (Doc. 47 at 18-19). Some adverse acts are considered so inconsequential as to be considered *de minimis*. *Morris*, 449 F.3d at 684. To prevail on a claim for retaliation, the retaliatory adverse act must be more than *de minimis* to state a viable retaliation claim; the act must be "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Id.* at 686. This *de minimis* threshold is intended to weed out only inconsequential actions and is not a means to excuse more serious retaliatory acts by prison officials. *Id*.

Plaintiff has failed to establish by competent summary judgment evidence that he was deterred from filing a grievance because Defendant Davis brought disciplinary charges against

9

him.  Indeed, the evidence establishes that Plaintiff <u>did</u> file a grievance against Defendant Davis, although it was later found to be unsubstantiated.  (Doc. 48-4).  Plaintiff claims he suffered an injury as a result of Defendant Davis filing the disciplinary charge against him by being.  However, the 15 days spent in solitary confinement and related hardships were not the result of Defendant Davis filing disciplinary charges against Plaintiff, but the result of the disciplinary board's subsequent finding that Plaintiff did, in fact, commit the charged violation.  In sum, Plaintiff fails to establish a sufficient adverse act in retaliation for his request to file a grievance against Defendant Davis.  Therefore, he again fails in his burden to establish a constitutional violation.

### IV. CONCLUSION

Based on the forgoing, the undersigned recommends that *Defendant Davis's Motion for Summary Judgment on the Issue of Qualified Immunity* (Doc. 47) be **GRANTED**, and that this case be dismissed with prejudice.  Moreover, a review of the record in its entirety reveals that all of Plaintiff's claims in this case were patently frivolous, thus, it is also recommended that the Court's grant of summary judgment count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).

**SO RECOMMENDED** on November 8, 2011.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE